UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SAABIR ABDULLAH, #217662,

    Plaintiff,

v.

ROBERT DEMORY, et al.,

    Defendants.

Case No. 1:12-cv-950

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a former inmate of the Kent County Correctional Facility pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint asserts a First Amendment claim for failure to provide a diet consistent with plaintiff's Muslim religion. The case was initiated in September of 2012. In February 2013, plaintiff was released from custody and provided a Grand Rapids mailing address. (*See* docket # 15).

Since plaintiff's release from custody, he has done nothing to prosecute this case. Specifically:

- Defendant Yacob filed a Rule 34 request for production of documents to enable him to access plaintiff's medical records. Plaintiff failed to respond. Dr. Yacob filed a motion to compel on April 26, 2013. (docket # 28).

- Plaintiff did not respond to Dr. Yacob's motion to compel.

- On April 12, 2013, defendants Demory, Heass[1] and Newman served a notice of taking plaintiff's deposition, scheduling the deposition for May 7, 2013. (Proof of Service, docket # 27).

- Plaintiff failed to appear for his properly noticed deposition on May 7, 2013.

- Defendants Demory and Newman moved for summary judgment on the ground of lack of exhaustion on March 4, 2013. (docket # 18). Plaintiff did not respond to the motion.

- Defendant Yacob moved for summary judgment on March 19, 2013. (docket # 25). Plaintiff did not respond to the motion.

- On May 13, 2013, defendants Demory, Heass, and Newman moved to dismiss for lack of prosecution. (docket # 29). Plaintiff did not respond to the motion.

- On May 17, 2013, defendant Yacob moved to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41. (docket # 33). Plaintiff did not respond to the motion.

- On June 4, 2013, the court scheduled a hearing on defendant Yacob's motion to dismiss for June 10, 2013, at 10:00 a.m. in the Ford Federal Building in Grand Rapids, Michigan, the city where plaintiff resides. Defense counsel appeared, but plaintiff did not.

---

[1] Defendant's last name is spelled "Heass" in the complaint and "Hess" in all papers filed by his attorney. These minor variations are unimportant for present purposes, and the version found in the complaint is used herein for consistency.

The foregoing sequence of events clearly establishes that plaintiff has lost interest in this case. More fundamentally, his failure to cooperate in discovery and failure to appear in court make it impossible for defendants to litigate the case or for the court to manage it. Rule 41(b) of the Federal Rules of Civil Procedure allows the district court to dismiss an action involuntarily on defendant's motion if plaintiff has failed to prosecute the case. The Supreme Court has long held that Rule 41 grants the district court discretion to dismiss a case on account of the inaction of the party seeking relief. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Before taking the step of dismissing a case, the court should give the defaulting party notice and a chance to explain why the case should not be dismissed. *See Barclay v. U.S. Trustee, Hackett*, 106 F. App'x 293 (6th Cir. 2004). Plaintiff in the present case has done absolutely nothing since his release from jail to participate in the discovery process, nor has he responded to defendants' request for dismissal with any sort of explanation concerning his failures. This report and recommendation will serve as notice to plaintiff that this case may be dismissed with prejudice for his failure to prosecute.

**Recommended Disposition**

I recommend that defendants' motions to dismiss for lack of prosecution (docket #s 29, 33) be granted and that the captioned case be dismissed with prejudice.


Dated: June 10, 2013          /s/ Joseph G. Scoville
                              United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).